UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN McCORMACK,<br><br>Defendant. | Criminal No. 24-300_32_-MGM<br><br>Violations:<br><br>Counts One through Seventeen: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Counts Eighteen through Twenty-Nine:<br>Engaging in Monetary Transactions in<br>Criminally Derived Property of a Value Greater<br>than $10,000<br>(18 U.S.C. § 1957)<br><br>Wire Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.     BluRoc, LLC ("BluRoc") was a construction company located in Northampton, Massachusetts that specialized in building access roads, bridges, and other infrastructure for construction projects in remote locations.  BluRoc often performed this work for utility companies that installed power lines.

2.     The defendant JONATHAN McCORMACK ("McCORMACK") was a resident of Lapeer, Michigan.  BluRoc employed McCORMACK as a project supervisor.

1

3.       McCORMACK also owned and operated JDM Site Services, LLC ("JDM"), a company located in Lapeer, Michigan.  JDM rented equipment, such as trucks, trailers, excavators, and bulldozers, to BluRoc.

4.       McCORMACK maintained a bank account in the name of JDM at ELGA Credit Union (the "JDM ELGA Account"), which maintained its principal office in Burton, Michigan.

5.       In 2020, McCORMACK purchased and renovated a luxury hunting lodge at 0 West Gaukel Road, Lake City, Michigan (the "Hunting Lodge").

<u>Scheme to Defraud</u>

6.       BluRoc projects generally involved using heavy equipment to clear an area; installing access roads by laying timber mats; pausing while the utility installed power lines; cleaning up the site; removing the mats; and laying seed and straw on the area.

7.       As a BluRoc project supervisor, McCORMACK managed various projects in the field, including the projects' equipment charges, payroll, and budget.  McCORMACK supervised various workers, including Employee A, Employee B, and Employee C.

8.       While in the field, McCORMACK used BluRoc's computer tracking system to electronically approve employee time and equipment usage, including the purported use of JDM's equipment.  BluRoc used the information approved by McCORMACK to pay its workers, including McCORMACK, and pay JDM.

9.       As the owner / operator of JDM, McCORMACK emailed BluRoc separate invoices for each project that purportedly used JDM equipment.  Generally, JDM's invoices specified a single project by both location and project number.

2

10.     McCORMACK billed some purported JDM equipment usage at a weekly rate and some JDM equipment at an hourly rate.  Generally, JDM's invoices listed each piece of JDM equipment by a unique equipment number.  Two specific pieces of equipment – a power rake and a forestry mower – lacked any identifying numbers.

11.     Between on or about January 1, 2019 and on or about January 30, 2021, McCORMACK devised a scheme to defraud BluRoc by various means, including by submitting materially false, fictitious, and fraudulent JDM invoices for purported equipment usage and by diverting BluRoc labor, equipment, and materials for his own personal use and benefit.

12.     McCORMACK entered, and caused to be entered, false, fictitious, and fraudulent employee time and JDM equipment usage data in BluRoc's computer tracking system.  These entries were false, fictitious, and fraudulent because they overstated both the number of hours he and the employees worked on BluRoc projects and the number of hours the JDM equipment was actually used.

13.     McCORMACK emailed false JDM invoices to BluRoc personnel, who approved these invoices and emailed them further within the company to be processed for payment.  These invoices were false, fictitious, and fraudulent because they substantially overstated the number of hours the equipment was actually used and thus charged inflated amounts.

14.     After BluRoc approved JDM's false invoices, BluRoc issued JDM checks, which McCORMACK deposited into the JDM ELGA Account.  McCORMACK then used the proceeds of the fraud for his own personal use and benefit, including to purchase and renovate the Hunting Lodge; make improvements to his personal residence; purchase recreational vehicles like snowmobiles; and repay a loan to his uncle.

3

15.     McCORMACK directed BluRoc workers under his supervision to conduct work at the Hunting Lodge, including to clear an area between the Hunting Lodge and an adjacent property owned by his uncle; to lay timber mats that McCORMACK had stolen from a BluRoc worksite; and to hay and seed the area with material that McCORMACK had also stolen from a BluRoc worksite.  McCORMACK then electronically approved the workers' time and equipment usage into BluRoc's computer tracking system, so that BluRoc rather than McCORMACK, paid for their work.

COUNTS ONE THROUGH SEVENTEEN
Wire Fraud
(18 U.S.C. § 1343)

The Grand Jury charges:

16.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-15 of this Indictment.

17.     From on or about January 1, 2019 through on or about January 30, 2021, in Northampton, Massachusetts, in the District of Massachusetts, and elsewhere, the defendant,

JONATHAN McCORMACK,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approx. Date | Description |
|-------|--------------|-------------|
| 1 | 04-04-20 | Electronic approval of eleven hours of work for Employee A on April 3, 2020 for site restoration at a project in South Bend. |
| 2 | 04-04-20 | Electronic approval of eleven hours of work for Employee B on April 3, 2020 for site restoration at a project in South Bend. |
| 3 | 04-04-20 | Electronic approval of eleven hours of work for Employee C on April 3, 2020 for site restoration at a project in South Bend. |
| 4 | 04-04-20 | Electronic approval of twelve hours of work for McCORMACK on April 3, 2020 for job supervision at a project in Twin Branch, IN – Kenzie Creek, MI. |
| 5 | 04-04-20 | Electronic approval of twelve hours of work for McCORMACK on April 4, 2020 for job supervision at a project in Twin Branch, IN – Kenzie Creek, MI. |

| Count | Approx. Date | Description |
|---|---|---|
| 6 | 09-10-19 | Email containing JDM Invoice No. 19035 ($13,473) from jdmxxxxx@gmail.com to gxxx.cxxxx@bluroc.com. |
| 7 | 10-01-19 | Email containing JDM Invoice No. 19043 ($13,766) from jdmxxxxx@gmail.com to gxxx.cxxxx@bluroc.com. |
| 8 | 02-02-20 | Email containing JDM Invoice No. 19112 ($15,098) from jdmxxxxx@gmail.com to gxxx.cxxxx@bluroc.com. |
| 9 | 02-21-20 | Email containing JDM Invoice No. 19125 ($10,891) from jdmxxxxx@gmail.com to gxxx.cxxxx@bluroc.com. |
| 10 | 04-07-20 | Email containing JDM Invoice No. 19150 ($22,140) from gxxx.cxxxx@bluroc.com to lxxx.pxxxxxxxxx@bluroc.com. |
| 11 | 04-28-20 | Email containing JDM Invoice No. 19159 ($22,296) from gxxx.cxxxx@bluroc.com to lxxx.pxxxxxxxxx@bluroc.com, |
| 12 | 05-19-20 | Email containing JDM Invoice No. 19172 ($19,718) from gxxx.cxxxx@bluroc.com to lxxx.pxxxxxxxxx@bluroc.com. |
| 13 | 07-19-20 | Email containing JDM Invoice No. 19203 ($28,520) from jdmxxxxx@gmail.com to gxxx.cxxxx@bluroc.com. |
| 14 | 08-17-20 | Email containing JDM Invoice No. 19212 ($14,059) from gxxx.cxxxx@bluroc.com to ap@bluroc.com. |
| 15 | 09-04-19 | Email containing JDM Invoice No. 19031 ($13,766) from jdmxxxxx@gmail.com to gxxx.cxxxx@bluroc.com. |
| 16 | 05-27-20 | Email containing JDM Invoice No. 19141 ($14,301) from gxxx.cxxxx@bluroc.com to lxxx.pxxxxxxxxx@bluroc.com. |
| 17 | 04-13-20 | Email containing JDM Invoice No. 19152 ($23,040) from gxxx.cxxxx@bluroc.com to lxxx.pxxxxxxxxx@bluroc.com. |

All in violation of Title 18, United State Code, Section 1343.

## COUNTS EIGHTEEN THROUGH TWENTY-NINE
Engaging in Monetary Transactions in Criminally Derived Property
of a Value Greater than $10,000
(18 U.S.C. § 1957)

The Grand Jury further charges:

18.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-15 of this Indictment.

19.     On or about the following dates, in the District of Massachusetts, and elsewhere, the defendant,

### JONATHAN McCORMACK,

did knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, that is, funds in the JDM ELGA Account, where such property was derived from specified unlawful activity, that is, wire fraud as charged in Counts One through Seventeen, in violation of Title 18, United States Code, Section 1957, as set forth below:

| Count | Approx. Date | Description |
|-------|--------------|-------------|
| 18 | 03-23-20 | Check No. 1253 to Wildlife Realty ($20,000). |
| 19 | 03-26-20 | Wire transfer to Star Title Agency, LLC ($229,276). |
| 20 | 06-09-20 | Check No. 1297 to Northwoods Farm ($28,900). |
| 21 | 06-18-20 | Check No. 1298 to Slabaugh Truss ($45,000). |
| 22 | 07-20-20 | Check No. 1334 to Blair Spray Foam Insulation ($25,200). |
| 23 | 08-05-20 | Check No. 1631 to Dan McCormack ($16,000). |
| 24 | 10-13-20 | Check No. 1398 to Positive Chimney Sweeps, Inc ($45,500). |
| 25 | 12-10-20 | Check No. 1407 to Blair Spray Foam Insulation ($10,100). |
| 26 | 03-30-21 | Check No. 1522 to Shack Skins ($140,000). |

7

| Count | Approx. Date | Description |
|---|---|---|
| 27 | 12-27-19 | Check No. 1113 to US 27 Motorsports ($15,688). |
| 28 | 08-31-20 | Check No. 1366 to US 27 Motorsports ($27,028). |
| 29 | 11-17-20 | Check No. 1405 to US 27 Motorsports (59,460). |

All in violation of Title 18, United State Code, Section 1957.

## WIRE FRAUD FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One through Seventeen, the defendant,

**JONATHAN McCORMACK,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the following assets:

 a. $920,716 U.S. currency, to be entered in the form of a forfeiture money judgment;

 b. the real property located at 0 West Gaukel Road, Lake City, MI 49651, including all buildings, appurtenances, and improvements thereon, more fully described in a Memorandum of Land Contract recorded with the Missaukee County Recorder on April 13, 2020, with Instrument No. 2020-01155, more commonly known as 0 W Gaukel Rd., Lake City MI 49651, and particularly described as:  The Southeast 1/4 and the Southwest 1/4 of the Northeast 1/4 of Section 22, Town 23 North, Range 7 West, Township of Forest, County of Missaukee, State of Michigan, Parcel No. 007-022-009-00;

 c. 2020 Polaris Sportsman XP 1000 with VIN 4XASXZ952LB316166;

 d. 2020 Polaris Switchback Pro 800 snowmobile with VIN SN1DDH8P3LC711844;

 e. 2021 Polaris General XP4 1000 with VIN 3NSGMJ995MH207990;

 f. 2020 Polaris Ranger XP 1000 with VIN 4XARRX991L8033464;

 g. 2020 Polaris Sportsman 570 with VIN 4XASEA573LA637007; and

       h.      2020 Polaris Outlaw 110 with VIN RF3YAK111LT039622.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

10

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1.      Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts Eighteen through Twenty-Nine, the defendant,

JONATHAN McCORMACK,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a.      $920,716 U.S. currency, to be entered in the form of a forfeiture money judgment;

b.      the real property located at 0 West Gaukel Road, Lake City, MI 49651, including all buildings, appurtenances, and improvements thereon, more fully described in a Memorandum of Land Contract recorded with the Missaukee County Recorder on April 13, 2020, with Instrument No. 2020-01155, more commonly known as 0 W Gaukel Rd., Lake City MI 49651, and particularly described as: The Southeast 1/4 and the Southwest 1/4 of the Northeast 1/4 of Section 22, Town 23 North, Range 7 West, Township of Forest, County of Missaukee, State of Michigan, Parcel No. 007-022-009-00;

c.      2020 Polaris Sportsman XP 1000 with VIN 4XASXZ952LB316166;

d.      2020 Polaris Switchback Pro 800 snowmobile with VIN SN1DDH8P3LC711844;

e.      2021 Polaris General XP4 1000 with VIN 3NSGMJ995MH207990;

f.      2020 Polaris Ranger XP 1000 with VIN 4XARRX991L8033464;

g.      2020 Polaris Sportsman 570 with VIN 4XASEA573LA637007; and

h.      2020 Polaris Outlaw 110 with VIN RF3YAK111LT039622.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
NEIL DESROCHES
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

_____
STEVEN H. BRESLOW
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: May $\underline{16}$ , 2024
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

13